# STATE OF FLORIDA v. THOMAS
## Case No. 83-5965
Seventeenth Judicial Circuit

March 3, 1984

### APPEARANCES OF COUNSEL

**Joel Lazarus** for plaintiff.

**Maureen Brennan** for defendant.

### OPINION OF THE COURT

J. LEONARD FLEET, Circuit Judge.

Taken from edited transcript of proceedings before The Honorable J. Leonard Fleet, commencing at or about 1:30 o'clock p.m., February 10, 1984, at the Broward County Courthouse, Fort Lauderdale, County of Broward, State of Florida.

THE COURT: How does a human being, charged with the awesome responsibility of a Circuit Court Judge, arrive at a decision that is on the one hand equitable and on the other hand acceptable to all of the

parties involved. The answer to that is you don't. There's absolutely no way in the world that in cases such as this that it is possible for any one person to be wise enough in this day and age to reach that decision that meets everybody's needs. Consequently, a judge must seek the guidance of his conscience based upon not only his individual experience and what little wisdom the judge may himself or herself have but the accumulated wisdom of those court attaches and skilled trial counsel who spend the time on a day-in and day-out basis exposing themselves to the traumatic assault of the facts as reflected in cases such as this. But for the dedication of persons such as Mr. Lazarus, Ms. Brennan, Ms. Valin and those others who work in this case who function as guardians ad litem, operators of foster homes, surrogate parents, but for those people there's no way that persons such as Richie—and I avoid right now the utilization of the word victim—have any opportunity or hope for survival.

It has been the Court's observation that in the Oriental culture, elder people, grandparents are revered and esteemed not because they had managed with the grace of God to survive the ravages of time but because throughout the more than six thousand years of known Oriental culture, the elderly have furnished the bridge for the young so that the problems of today can be resolved by the utilization of the accumulated wisdom of generations of living. Grandparents in the United States unfortunately, particularly in that generation that starts with my parents—thank God they are still alive—have not had the opportunity to share with the grandchildren today on a daily basis that accumulated wisdom. Unfortunately, the grandparents today are very often swept up in the importance of their own affairs. Their children are involved with the development of their own careers, and those grandchildren are involved with, to some extent, trying to resist the peer pressure, the horrendous peer pressure brought to bear on what is now 1984. It is totally impossible for young people to exist today and develop any sense of balance, any sense of equity, any sense of morality without a strong guidance of adults.

The adults that naturally occur in their lives are, in the first instance, their parents. From the body of the mother springs the child, and the first warmth that a child feels is the cuddling of the mother. From that initial contact should spring a bond so strong, so significant and yet so flexible that much like a newborn bird in a nest, the child is protected and then by the mother forced to leave the nest to learn to survive in this hard world by itself. Those parents who give birth to that child are not always capable of giving the child the guidance, the direction, the warmth, the insight that the child needs for survival, and that's where

38

the grandparents come in. The children from their parents' arms develop the respect and the affection for the grandparents, reflected by their own parents. If the parents have no respect for the grandparents, what can we expect of the child.

The thing that separates human beings from animals is the ability to pass accumulated wisdom from generation to generation, but that unfortunately, the same capacity that permits the transmittal of accumulated wisdom permits the transmittal of accumulated cruelty, physical cruelty, emotional cruelty, and more likely than not with almost alarming frequency we find that the emotional cruelty visited under the guise of love or under the guise of teaching is frequently nothing more than the immediate satisfaction of parental wants, not needs, but parental wants, and the child suffers. The child suffers but there does not exist within the child's life a strong, steady, calm upon which a definite bearing can be taken so that the child can avoid the shoals and the pitfalls of temptation, avarice, greed, and brutality, because if those characteristics are those that the child experiences in the formative years before the age of six, the child has little or no chance of a healthy survival thereafter. Whatever will be the child's future is in a large part determined before the child reaches the first grade of public school. In those first six years the grandparents should play an extremely significant, constructive role.

In the matter now before the Court we have demonstrated overt behavior of the most negative sort that can do nothing but lay the foundation upon which this young man, Richie, will build a foundation of self destruction. I have grave reservations about the ability of Richie to survive the holocaust, the emotional tumult in which he has existed from the day of his birth. Not just at the hands of the defendant in this case but at the hands of other people, and as is not unusual, within the defendant's own family there is demonstrated consistently negative behavior of a similar modality as that demonstrated in this case.

It does not surprise me to hear denial. It does not surprise me to hear that the reason the plea is entered is in the interest of sacrificing oneself to preserve another, because that is consistent with self flagellation. It is consistent with the invoking of punishment in an attempt to expiate or cleanse oneself of acknowledged moral and legal sin. There's no way in the world that the judge presiding over the case can know that the expiation or self flagellation is, on the one hand, well motivated and, on the other hand, constructive.

Mr. Fred Thomas, you have extremely deep seated emotional and psychiatric problems which have more likely than not existed since you

were a child and were produced by your own parents and siblings. Unfortunately, either by choice or by lack of enlightenment, those who were responsible for raising you failed to afford you that treatment which you needed in the formative years of your life. As a result, your children and your grandchild have suffered. It's sad but it's reality, at least two of your children have offered to come to this Court and face you and accuse you of gross misconduct. Your grandson has done the same. I cannot with any degree of accuracy predict what's going to happen to you or what's going to happen to him insofar as mental rehabilitation is concerned. I can tell you the Court feels it's proper in this case to meet both the needs of yourself, your grandson, and the needs of society in general. There are times when the Court feels that the punishment visited upon a particular accused will to some extent help deter others. I don't believe that is the case here. Sexual abuse, whether it be the rape of a female or the rape of a child, is not an act of sex. It's not an act of perversion. It is an act of illness, brutality, and violence measured only in degree from homicide.

It is therefore the judgment of the Court, Fred Walter Thomas, that you are hereby adjudicated to be guilty of the crime of indecent assault on a minor child, to which crimes you pled guilty in both Counts I and II. It is the judgment of the Court that you be confined in the Department of Corrections for a period of ten years and that you be and hereby are declared to be a mentally disordered sex offender and that you shall be rendered those services made available through the Department of Corrections for treatment of a mentally disordered sex offender. The Court has arrived at the sentence of ten years, which is less than the maximum requested by the State, because you have apparently taken that first teensy step, however hesitant, that is so terribly necessary to effectuate your own rehabilitation. You may have made a decision which you now say is in the best interest of your grandson. Frankly, based upon my years as a trial attorney, I'm satisfied that you made a decision which was best for you in view of the possible penalties to which you were exposed. So it is not an altruistic gesture which you make, but it is still a self-serving gesture which you make. I do not denigrate nor put you down for having made that decision, but I must insist that you deal with reality. I'm satisfied, sir, that had you gone to trial the evidence would have been more than sufficient to justify the jury in returning a verdict of guilty as charged on the original charge and certainly on charges of indecent assault on a minor child.

You have thirty days from today, sir, within which to appeal those

things that have happened here today. If you wish to appeal and cannot afford private counsel to represent you, this Court will appoint the Office of the Public Defender to represent you at no cost for yourself. Failure to file notice of appeal with the Clerk of the Circuit Court here in Broward County within thirty days of the date hereof will constitute a total and complete abandonment of all appellate rights. I highly recommend, sir, that not only do you throw yourself with renewed vigor into the mentally disordered sexual program for the purpose of affecting rehabilitation but that you search deep within yourself and pray to whatever God whom you cherish and worship that He give you the strength to survive that which you are about to endure. Nobody can do that for Richie. You can only do it for yourself. The grace of God and the help of those who are trained in the ways of doing it, Richie will be saved from a fate worse than hell.

Both counts to run concurrent. There was a previous rejection of guidelines.